UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| AIROOM, LLC, MICHAEL KLEIN, KATHRYN O'BRIEN, THOMAS GRAHAM, ROBERT M. STEIN and EILEEN K. STEIN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, AMERISURE MUTUAL INSURANCE COMPANY ("Amerisure"), brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 against Defendant, AIROOM, LLC ("Airoom"), seeking a declaration that AMERISURE has no duty to defend or indemnify Airoom. In support thereof, Amerisure states as follows:

## NATURE OF THE ACTION

1.    This is a civil action brought by Amerisure seeking a declaration of the rights and/or obligations of the parties to an insurance contract with respect to the alleged liability of Airoom, Michael Klein, Kathryn O'Brien and Thomas Graham (collectively "Airoom Defendants") in a suit pending in the Circuit Court of Cook County, Illinois, captioned *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476 (hereinafter "*Airoom* lawsuit" or "*Airoom* Complaint"). A copy of the *Airoom* Amended Verified Counterclaim (as referred to herein as "AVC") is attached hereto as **Exhibit A**. The Airoom Defendants seek defense and indemnification in connection with the Counterclaim filed in the *Airoom* lawsuit from Amerisure under two insurance policies

issued by Amerisure to Airoom. Amerisure denies both defense and indemnity to the Airoom

Defendants for the *Airoom* lawsuit.  Amerisure requests that this Court declare the rights and

obligations of the parties under these insurance contracts pursuant to 28 U.S.C. § 2201, et seq.,

finding and declaring that Amerisure owes no coverage obligations to Airoom, Michael Klein,

Kathryn O'Brien and Thomas Graham for the claims asserted in the Counterclaim in the *Airoom*

lawsuit.

## PARTIES

2.      At the time of the commencement of this action, Plaintiff, Amerisure Mutual

Insurance Company, was an insurance company organized and existing under the laws of the

State of Michigan.  At the time of filing this action, Amerisure Mutual Insurance Company's

principal place of business was Farmington Hills, Michigan.

3.      Upon information and belief, Defendant, Airoom, is a limited liability company

organized under the laws of the State of Delaware and has its principal place of business in

Illinois at 6825 Lincoln Avenue, Lincolnwood, Illinois 60712.

4.      Upon information and belief, any and all of Airoom, LLC's members are citizens

of Delaware or Illinois.

5.      Upon information and belief, Michael Klein is an individual who is a resident of

Illinois, and a citizen thereof.

6.      Upon information and belief, Kathryn O'Brien is an individual who is a resident of

Illinois, and a citizen thereof.

7.      Upon information and belief, Thomas Graham is an individual who is a resident

of Illinois, and a citizen thereof.

8.      Upon information and belief, Robert M. Stein is an individual who is a resident of Illinois, and a citizen thereof.  Mr. Stein is named in this suit as an interested party to be bound by the judgment herein

9.      Upon information and belief, Eileen K. Stein is an individual who is a resident of Illinois, and a citizen thereof.  Ms. Stein is named in this suit as an interested party to be bound by the judgment herein.

**JURISDICTION AND VENUE**

10.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to the underlying claim occurred in this District.

12.     Jurisdiction is proper before this Court pursuant to 28 U.S.C. §§ 1332(a) and 2201 because Plaintiff Amerisure is a citizen of a different state than the Defendants and the sum in controversy, exclusive of interests and costs, exceeds $75,000.

13.     There is an actual and ripe controversy between Plaintiff Amerisure and the Airoom Defendants, because Amerisure disputes that it has a duty to defend and/or indemnify the Airoom Defendants in an underlying lawsuit styled, *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending in the Circuit Court of Cook County.

14.     Robert M. Stein and Eileen K. Stein are named as defendants herein because they are the claimants in the *Airoom* lawsuit against the Airoom Defendants and are, therefore,

necessary parties to this declaratory judgment action under Federal Rule of Civil Procedure 19(a).

16. Pursuant to 22 U.S.C. § 2201, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

<u>**THE INSURANCE POLICIES**</u>

16. Amerisure issued two commercial general liability insurance policies ("Airoom Policies") to Airoom that are at issue.

17. Amerisure issued policy number CPP206825501001 to Airoom for the policy period March 8, 2011 to March 8, 2012, attached hereto as **Exhibit B**.

18. Amerisure issued policy number CPP2068255020012 to Airoom for the policy period March 8, 2012 to March 8, 2013, attached hereto as **Exhibit C**.

19. The Amerisure Policies contain the same or similar general terms and conditions.

20. Coverage A of the Amerisure Policies provides as follows, in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

## 2. Exclusions

This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured…

## SECTION V – DEFINITIONS

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful "conditions."

\* \* \*

**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(*See* Ex. B-C).

21.    Coverage B of the Amerisure Policies provides as follows, in relevant part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.    Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\*\*\*

**2.      Exclusions**

    **a. Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"

\*\*\*

**SECTION V – DEFINTIONS**

\*\*\*

**14.**      "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.      False arrest, detention or imprisonment;

    b.      Malicious prosecution;

    c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.      Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

    e.      Oral or written publication of material that violates a person's right of privacy;

6

       f.      The use of another's advertising idea in your "advertisement"; or

       g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement."

(*See* Ex. B-C).

## THE UNDERLYING *AIROOM* SUIT

22.      On January 31, 2014, the Steins filed an Amended Verified Counterclaim against the Airoom Defendants in the Circuit Court of Cook County, Illinois.  Ex. A.

23.      The AVC alleges that Airoom committed fraud in its dealings with the Steins when contracted to perform a demolition and conversion of two condominiums into a single residence. *Id.*

24.      The Steins met with Michael Klein of Airoom who assured the Steins that it had worked on many vintage condominium buildings in Chicago and knew how to perform the demolition of a multi-unit residence. *Id.* at ¶¶14, 23.

25.      The Steins allege that Michael Klein falsely held himself out to be the President and Owner of Airoom. *Id.* at ¶¶18-20.

26.      The Steins allege that they were quoted a budget and assured that furnishings that they chose in the showroom were within budget. *Id.* at ¶¶26-27, 30.

27.      The Steins assert that Mr. Klein knew that the showroom selections would increase the cost of the project that Mr. Klein knew that, once the demolition was underway, the Steins would have little to no alternative but to agree to the increased prices. *Id.* at ¶¶34-35.

28.     Airoom is accused of employing bait and switch tactics to induce consumers to enter into lower priced construction contracts which are later increased upon selection of higher priced furnishings.  *Id.* at ¶37.

29.     The Steins allege that, after they entered into the contract, Airoom intentionally began demolition before the Steins chose finishes for the project.  *Id.* at ¶¶46-47, 52, 56.

30.     Airoom only partially completed the demolition and, allegedly, the portion it completed was improperly done with gross incompetence.  *Id.* at ¶¶48-49, 51.

31.     After commencing the demolition, Airoom is alleged to have deceptively claimed that it could not complete the project within the agreed upon budget and, thereupon, walked off the job keeping the $300,000 already paid.  *Id.* at ¶¶58-62.

32.     The Steins allege that Airoom threatened to sue the Steins for an additional $300,000, plus costs, if the Steins did not agree to change orders.  *Id.* at ¶62.

33.     Airoom also allegedly threatened to sue the Steins for copyright infringement on the architectural plans prior to termination in an effort to get them to agree to increased costs. *Id.* at ¶63.

34.     The Steins assert that they feared they would incur substantial additional costs to hire a replacement contractor and that they would lose their deposit if they did not agree to the change orders.  *Id.* at ¶¶64-65.

35.     The Steins allege further that they were working with an Airoom employee named Kathryn O'Brien who held herself out to be the President of Airoom but was not despite her false assertions.  *Id.* at ¶¶66-69.  The Steins state that they relied to their detriment and agreed to changes in the project due to Ms. O'Brien's false representations.  *Id.* at ¶¶70-72.

8

36. Due to alleged gross incompetence, the Steins eventually terminated their contract with Airoom. *Id.* at ¶¶73-78.

37. The Steins also allege that Airoom filed two deceptive and fraudulent mechanics liens on the property, signed knowingly and deceptively by Thomas Graham as President of Airoom. *Id.* at ¶79-88.

38. The Steins assert two counts in the AVC: Count I – Violation of Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS § 505/10A) and Count II – Slander of Title. *Id.* at pgs. 10-18.

39. In support of Count I, the Steins allege that the actions of Airoom, Michael Stein, Kathryn O'Brien and Thomas Graham are deceptive acts as defined by 815 ILCS § 505/2. *Id.* at ¶90.

40. The Steins allege that Michael Klein and Airoom made statements that included falsities, misrepresentations and deception in order to induce the Steins to enter into a contract with Airoom and to allow Airoom to begin demolition of their condominium units. *Id.* at ¶92.

41. The Steins allege further that Airoom used deceptive tactics and malicious threats to induce the Steins in agreeing to increasing the agreed contract price. *Id.* at ¶94.

42. The Steins allege that Kathryn O'Brien and Airoom utilized deceptive actions by misrepresenting her title and role with the company. *Id.* at ¶95.

43. The Steins allege that Thomas Graham utilized deceptive actions by recording drastically overstated liens and creating false documents in an attempt to make the Steins pay for work they never performed. *Id.* at ¶96.

44.     As a result, the Steins assert that they relied on these deceptive acts to their detriment and have been substantially harmed. *Id.* at ¶¶97-98.

45.     The Steins allege that they have incurred damages and seek a reward relating to monies paid on their original deposit, replacement housing, a redo of the demolition, including new architectural plans, and fraudulent liens. *Id.* at ¶99, pgs. 11-12. The Steins also seek emotional and punitive damages. *Id.* at ¶99(g), pg. 12.

46.     In Count II of the AVC, Slander of Title, the Steins allege that Airoom knowingly recorded Original and Amended Liens on the Stein property, improperly attempting to lien for consequential damages and work not performed. *Id.* at ¶¶108-113, 116-119, 121, 124-130, 134-141, 145-148.

47.     The Steins state further that the statements made in the liens were false and without support as to the declaration of labor and materials provided. *Id.* at ¶¶119, 121-123, 128-130, 139-140, 142-143, 146-148.

48.     As a result, the Steins allege that the recording of the false document disparaged and placed on a cloud on the Stein's title to the home. *Id.* at ¶¶120, 131-132, 149-150, 152.

49.     As damages, the Steins seek costs and fees related to quieting title, obtaining and maintaining a bond on the property, loss of interest on money placed in a trust to obtain the bond and an award for punitive damages. *Id.* at ¶¶151-159.

50.     In February of 2014, Airoom tendered the *Airoom* lawsuit to Amerisure for defense and indemnity. Amerisure denied coverage to the Airoom Defendants for the *Airoom* lawsuit.

## REQUEST FOR DECLARATORY RELIEF

### COUNT I

*The Airoom Suit Does Not Allege An "Occurrence"*

51.     Amerisure adopts and incorporates Paragraphs 1-50 as though set forth fully herein.

52.     In the AVC, the allegations against the Airoom Defendants are premised on fraud, deceptive conduct and slander of title.

53.     The AVC does not allege, or seek damages for, an "occurrence" as that term is defined in the Amerisure Policies.

54.     Accordingly, Amerisure owes no defense or indemnity coverage to the Airoom Defendants for the *Airoom* suit.

55.     Amerisure is entitled to a declaratory judgment pursuant to 22 U.S.C. § 2201 because there is an actual, justiciable controversy regarding coverage and Amerisure has no adequate remedy at law other than that requested herein to determine the rights of the parties.

**WHEREFORE**, Plaintiff, Amerisure, respectfully requests that this Honorable Court enter an Order declaring the following relief:

A.     Amerisure has no duty to defend or indemnify Airoom, Michael Klein, Kathryn O'Brien and Thomas Graham with respect to the Amended Verified Counterclaim in *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending in the Circuit Court of Cook County, because there is no alleged "occurrence"; and

B.      Awarding Amerisure other relief to which it may be entitled and that the Court

deems to be just and proper.

### COUNT II

*The Airoom Suit Does Not Allege "Property Damage" Caused By An "Occurrence"*

56.     Amerisure adopts and incorporates Paragraphs 1-50 as though set forth fully

herein.

57.     In the AVC, the allegations against the Airoom Defendants are premised on

fraud, deceptive conduct and slander of title.

58.     The AVC does not allege any third-party "property damage" or seek to recover

"sums that the insured becomes legally obligated to pay as damages because of property

damage to which the insurance applies" as those terms are used and/or defined in the

Amerisure Policies.

59.     Accordingly, Amerisure owes no defense or indemnity coverage to the Airoom

Defendants for the *Airoom* lawsuit.

60.     Amerisure is entitled to a declaratory judgment pursuant to 22 U.S.C. § 2201

because there is an actual, justiciable controversy regarding coverage and Amerisure has no

adequate remedy at law other than that requested herein to determine the rights of the

parties.

**WHEREFORE**, Plaintiff, Amerisure, respectfully requests that this Honorable Court enter

an Order declaring the following relief:

A.      Amerisure has no duty to defend or indemnify Airoom, Michael Klein, Kathryn

O'Brien and Thomas Graham with respect to the Amended Verified Counterclaim

in *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending

12

in the Circuit Court of Cook County, because the *Airoom* suit does not allege any

covered "property damage" of seek to recover sums that the insured becomes

legally obligated to pay as damages because of property damage to which the

insurance applies; and

B.      Awarding Amerisure other relief to which it may be entitled and that the Court

deems to be just and proper.

**COUNT III**
*The Airoom Suit Does Not Allege "Personal and Advertising Injury"*

61.      Amerisure adopts and incorporates Paragraphs 1-50 as though set forth fully

herein.

62.      In the AVC, the allegations against the Airoom Defendants are premised on

fraud, deceptive conduct and slander of title.

63.      The AVC does not allege any "personal or advertising injury" or seek to recover

"sums that the insured becomes legally obligated to pay as damages because of personal and

advertising injury to which the insurance applies" as those terms are used and/or defined in the

Amerisure Policies.

64.      Accordingly, Amerisure owes no defense or indemnity coverage to the Airoom

Defendants for the *Airoom* lawsuit.

65.      Amerisure is entitled to a declaratory judgment pursuant to 22 U.S.C. § 2201

because there is an actual, justiciable controversy regarding coverage and Amerisure has no

adequate remedy at law other than that requested herein to determine the rights of the

parties.

13

**WHEREFORE**, Plaintiff, Amerisure, respectfully requests that this Honorable Court enter an Order declaring the following relief:

A.     Amerisure has no duty to defend or indemnify Airoom, Michael Klein, Kathryn O'Brien and Thomas Graham with respect to the Amended Verified Counterclaim in *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending in the Circuit Court of Cook County, because the *Airoom* suit does not allege any covered "personal and advertising injury" or seek to recover sums that the insured becomes legally obligated to pay as damages because of personal and advertising injury to which the insurance applies; and

B.     Awarding Amerisure other relief to which it may be entitled and that the Court deems to be just and proper.

**COUNT IV**

*In the Alternative, Coverage is Barred by the Expected or Intended Exclusion*

66.     Amerisure adopts and incorporates Paragraphs 1-50 as though set forth fully herein.

67.     In the AVC, the allegations against the Airoom Defendants are premised on fraud, deceptive conduct and slander of title.

68.     The AVC alleges knowing and intentional acts on the part of the Airoom Defendants.

69.     Therefore, even assuming the *Airoom* lawsuit alleges "property damage," the "expected or intended" exclusion operates to bar coverage.

70.    Accordingly, Amerisure owes no defense or indemnity coverage to the Airoom Defendants for the *Airoom* lawsuit.

71.    Amerisure is entitled to a declaratory judgment pursuant to 22 U.S.C. § 2201 because there is an actual, justiciable controversy regarding coverage and Amerisure has no adequate remedy at law other than that requested herein to determine the rights of the parties.

**WHEREFORE**, Plaintiff, Amerisure, respectfully requests that this Honorable Court enter an Order declaring the following relief:

A.    Amerisure has no duty to defend or indemnify Airoom, Michael Klein, Kathryn O'Brien and Thomas Graham with respect to the Amended Verified Counterclaim in *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending in the Circuit Court of Cook County, because the "expected or intended" exclusion applies to bar coverage; and

B.    Awarding Amerisure other relief to which it may be entitled and that the Court deems to be just and proper.

**COUNT V**
*In the Alternative, Coverage is Barred by the Knowing Violation of the Rights of Another Exclusion*

72.    Amerisure adopts and incorporates Paragraphs 1-50 as though set forth fully herein.

73.    In the AVC, the allegations against the Airoom Defendants are premised on fraud, deceptive conduct and slander of title.

74.     The AVC alleges knowing and intentional conduct on the part of the Airoom Defendants.

75.     Therefore, even assuming the allegations of the *Airoom* lawsuit allege "personal and advertising injury," the "knowing violation of the rights of another" exclusion applies to bar coverage.

76.     Accordingly, Amerisure owes no defense or indemnify coverage to the Airoom Defendants for the *Airoom* lawsuit.

77.     Amerisure is entitled to a declaratory judgment pursuant to 22 U.S.C. § 2201 because there is an actual, justiciable controversy regarding coverage and Amerisure has no adequate remedy at law other than that requested herein to determine the rights of the parties.

**WHEREFORE**, Plaintiff, Amerisure, respectfully requests that this Honorable Court enter an Order declaring the following relief:

A.      Amerisure has no duty to defend or indemnify Airoom, Michael Klein, Kathryn O'Brien and Thomas Graham with respect to the Amended Verified Counterclaim in *Airoom LLC v. Stein, et al. v. Airoom, LLC, et al.*, 13 CH 17476, currently pending in the Circuit Court of Cook County, because the "knowing violation of the rights of another" exclusion applies to bar coverage; and

B.      Awarding Amerisure other relief to which it may be entitled and that the Court deems to be just and proper.

DATED this 15 day of July, 2014.

Respectfully submitted,

s/ Heather C. Sullivan

Donald E. Elder
Heather C. Sullivan
TRESSLER LLP
233 S. Wacker Dr., 22nd Floor
Chicago, Illinois 60606
Ph:     312.627.4000
Fax:    312.627.1717

*Attorneys for Plaintiff, Amerisure Mutual Insurance Company*